**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Matthew E. Orso in his capacity as Court-appointed receiver for Rex Venture Group, LLC dba ZeekRewards.com,<br><br>  Plaintiff,<br><br>  v.<br><br>Ron Hillman,<br><br>  Defendant. | Case No. 2:24-cv-01270-JAD-DJA<br><br>**Order** |

Before the Court is Nationwide Judgment Recovery, Inc.'s motion for substitution of plaintiff. (ECF No. 5). Nationwide explains that Defendant Ron Hillman was a beneficiary of a massive Ponzi scheme called ZeekRewards. The Securities and Exchange Commission shut the scheme down in 2012 and appointed a receiver, Kenneth Bell, to reclaim ill gotten funds obtained by "net winners" of the scheme like Defendant. Bell filed a class action case in the Western District of North Carolina and ultimately obtained final judgments against thousands of net winners.

In 2019, Matthew Orso was appointed as successor receiver. In that role, he sold thousands of final judgments to Nationwide in July of 2019, including the judgment against Defendant. Nationwide asserts that the transfer of interest in the judgments was completed on December 16, 2019.[1] Afterwards, the Western District of North Carolina amended the caption of

---

[1] Nationwide asserts that the documents supporting these transfers are attached as exhibits to its motion. However, Nationwide did not attach these exhibits. Nonetheless, by signing the motion, attorney Whitney Wilcher, Esq. has certified that the factual contentions about the transfer of interest and the subsequent amendment of the Western District of North Carolina's caption has evidentiary support. *See* Fed. R. Civ. P. 11. Additionally, the Court has reviewed the docket in the Western District of North Carolina, including the assignment of judgment Nationwide filed in that case and the order granting Nationwide's motion to amend the caption. *See Orso et al. v.*

the final judgment to replace Orso with Nationwide and many courts in the Middle District of Florida have ruled on Nationwide's substitution motions—like the motion here—and granted them.[2]

Federal and Nevada Rules of Civil Procedure 25(c) provide for substitution of parties where a transfer of interest has occurred during litigation. Whether to transfer is within the discretion of the Court. *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000); *Nationstar Mortgage LLC v. Fiesta Del Norte Homeowners Assoc.*, Case No. 2:16-cv-00497-APG-BNW, 2020 WL 10787496, at *1 (D. Nev. 2020). However, "[t]he most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred ... the judgment will be binding on his successor in interest even though he is not named." *In re Bernal*, 207 F.3d at 598 (citation omitted).

The Court finds substitution appropriate. Although not controlling, the numerous federal courts in Florida that have granted Nationwide's substitution requests are persuasive here. The Court also finds that where the assignee wishes to enforce the judgment, substitution is appropriate and necessary. The Court thus grants Nationwide's motion.

---

*Disner et al.*, Case No. 3:14-cv-91, at ECF Nos. 1506-1, 1581. The Court thus accepts these representations.

[2] Nationwide refers to *Bell v. Woods*, Case No. 5:20-mc-10-JSM-PRL (M.D. Fla. 2022); *Bell v. Samuels*, Case No. 6:21-mc-122-RBD-EJK (M.D. Fla. 2022); *Orso v. Gentile*, Case No. 6:21-mc-154-LHP (M.D. Fla. 2022); *Orso v. Forbes-King*, Case No. 6:21-mc-00083-WWB-LHP (M.D. Fla. 2022); *Orso v. Lettsome*, Case No. 6:21-mc-12-PGB-LHP (M.D. Fla. 2022); *Orso v. Pateau*, Case No. 6:21-mc-80-CEM-EJK (M.D. Fla. June 21, 2022); *Orso v. Nagabina*, Case No. 8:21-mc-131-KKM-JSS (M.D. Fla. June 15, 2022); *Orso v. Lewis*, Case No. 6:21-mc-104-RBD-GJK (M.D. Fla April 7, 2022); *Orso v. Angervil*, Case No. 6:21-mc-00146-CEM-DCI (M.D. Fla. August 10, 2022); *Bell v. Zhang*, Case No. 6:21-mc-00017-WWB-DCI (M.D. Fla. August 10, 2022); *Matthew E. Orso v. Alba Moreno*, Case No. 8:21-mc-00025-MSS-AEP (M.D. Fla. September 7, 2022); *Matthew E. Orso v. Dawn Morrow*, Case No. 8:21-mc-00070-TPB-JSS (M.D. Fla. September 7, 2022); *Matthew E. Orso v. Americo Vargas*, Case No. 8:21-mc-8-MSS-AEP (M.D. Fla. September 7, 2022); *Matthew E. Orso v. Antonio G. Germain*, Case No. 6:21-mc-00084-PGB-DCl (M.D. Fla. September 15, 2022); *Matthew E. Orso v. Xia Mel*, Case No. 6:21-mc-24-PGB-DCI (M.D. Fla. September 15, 2022); *Kenneth D. Bell and Nationwide Judgment Recovery, Inc. v. Nathaniel Woods*, Case No. 5:20-mc10-JSM-PRL (September 23, 2022).

**IT IS THEREFORE ORDERED** that Nationwide's motion for substitution (ECF No. 5) is **GRANTED**.  The Clerk of Court is kindly directed to substitute Plaintiff Matthew E. Orso with Nationwide Judgment Recovery, Inc.

DATED: July 18, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE